| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JENNIFER JUNE SHINN,

          Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

          Defendant.

CASE NO. 2:17-cv-00330 JRC

ORDER ON PLAINTIFF'S COMPLAINT

     This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 4; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed. *See* Dkt. 11, 12, 13.

     After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence by, in part, failing to discuss significant

ORDER ON PLAINTIFF'S COMPLAINT - 1

probative evidence of the examination and evaluation of plaintiff by an examining physician. The ALJ noted one sentence about depression from the report of examining physician, Dr. Singh, but completely failed to discuss the pages of information regarding plaintiff's physical impairments within Dr. Singh's report, which were the reasons for his examination.

Therefore, for this and for other reasons discussed herein, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, JENNIFER JUNE SHINN, was born in 1972 and was 38 years old on the alleged date of disability onset of June 3, 2011. *See* AR. 160-61. Plaintiff graduated from high school and has some college credits. AR. 42. Plaintiff has work history as a grocery checker and dental assistant. AR. 200-11.

According to the ALJ, plaintiff has at least the severe impairment of "cervical spine disorder (20 CFR 404.1520(c))." AR. 19.

At the time of the hearing, plaintiff was living with her husband and two teenage daughters in the family home. AR. 42.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 17. Plaintiff's requested hearing was held before Administrative Law Judge Kimberly Boyce ("the ALJ") on May 20, 2015. *See* AR. 35-67. On July 27,

2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 14-34.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ err by rejecting the generally consistent opinions from plaintiff's treating primary care physician, treating neurosurgeon and treating physical therapist, as well as ignoring the opinion of the treating psychiatrist and failing to find her mental impairments "severe"; and (2) Did the ALJ cite "clear and convincing" reasons supported by substantial evidence to reject plaintiff's statements and testimony. *See* Dkt. 11, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Did the ALJ err by rejecting the generally consistent opinions from plaintiff's treating primary care physician, treating neurosurgeon and treating physical therapist, as well as ignoring the opinion of the treating psychiatrist and failing to find her mental impairments "severe"?**

Plaintiff presents numerous challenges to the ALJ's review of the medical evidence. Although the Court will not discuss all of these, the Court finds persuasive numerous of plaintiff's argument regarding errors in the evaluation of the medical evidence. For example, the ALJ erred when evaluating the opinions of two of plaintiff's

treating physicians, erred by failing to consider the medical opinion of an examining physician, and erred when evaluating other medical evidence provided by plaintiff's physical therapist.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

**A. Dr. Virtaj Singh, M.D., examining physician**

Although plaintiff contends that the ALJ erred by failing to discuss the medical opinion of Dr. Virtaj Singh, M.D., defendant contends there is no error, noting that "the ALJ actually discussed the treatment note plaintiff cites." Dkt. 12, p. 16 (citing AR. 20). Plaintiff replies that the one sentence in the ALJ's decision "was related to mental health and is irrelevant to an accurate assessment of Dr. Singh's opinion, whose specialty is in physical medicine. The opinion of Dr. Singh as it relates to plaintiff's physical health is never discussed by the ALJ, contrary to law." Dkt. 13, p. 5 (citing SSR 96-8p, 20 CFR § 404.1527(b), (c)). Plaintiff's argument is persuasive. Although defendant also offered a hypothetical reason that the ALJ might have chosen to apply to Dr. Singh's opinion, such reason was not offered by the ALJ, and "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the

adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196).

Dr. Virtaj Singh, M.D. examined plaintiff on December 23, 2014. AR. 563-67. He noted that plaintiff presented "with a chief complaint of neck pain, headaches, and right upper extremity dysesthesias and weakness . . . ." AR. 563. He noted plaintiff's subjective comments, then performed an objective physical examination. For example, he made numerous observations regarding plaintiff's cervical range of motion, noting that plaintiff demonstrated pain and tightness on extension, as well as tightness bilaterally for lateral bending. AR. 565. He also noted that plaintiff "has a positive upper limb tension test on the right, negative on the left." AR. 566.

Dr. Singh also observed that plaintiff "is diffusely tender on palpation across her cervical spine [and] is markedly tender on palpation over her bilateral greater occipital nerves with re-creation of her headaches." *Id*. Similarly, Dr. Singh observed that plaintiff "is markedly tender on palpation over her bilateral upper and mid cervical facet joints." *Id*. He also noted that plaintiff "has tenderness and spasm along her right greater than left cervical paraspinals into her right greater than left trapezius." *Id*. He noted that plaintiff's "left trapezius is actually noted to be hemi-elevated." *Id*. Dr. Singh also observed that plaintiff "has tenderness and spasm [] across her scalenes, especially on the right, and her

pectoralis minor muscle." *Id*. Dr. Singh also conducted strength testing on many of plaintiff's muscles, bilaterally. *Id*.

Dr. Singh provided his assessment, including "(1) chronic cervicalgia, with cervicogenic headaches, and RUE [right upper extremity] dysesthesias/weakness; (2) suspect neurogenic TOS [thoracic outlet syndrome]; [and] (3) probable centrally mediated and myofascial components to pain, aggravated by sleep disruption." *Id*. Dr. Singh's plan included a follow-up in four weeks, along with potential "various diagnostic tests to confirm the possibility of neurogenic thoracic outlet syndrome . . . ." *Id*.

The ALJ failed to note any of this in her written decision. Instead, the ALJ noted what appears to be the only sentence in Dr. Singh's opinion relevant to mental health: "Virtaj Singh diagnosed 'suspect major depressive disorder vs. adjustment disorder with depressed mood' but did not recommend any treatment." AR. 20 (citation omitted). Given that Dr. Singh noted plaintiff's chief complaint of "neck pain, headaches, and right upper extremity dysesthesias and weakness;" that his extensive history revolves around these symptoms; that he performed an extensive physical examination as noted above; that most of his assessments involved these physical symptoms and impairments; and, that he actually did recommend future treatment for these, the ALJ's one sentence summary of Dr. Singh's assessment of which depressive disorder plaintiff suffered from is hardly an accurate representation of Dr. Singh's examination report and opinions. AR. 563; *see also* AR. 20, 563-67.

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v.*

*Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Here, the Court concludes that the ALJ erred by failing to give any reason for disregarding the vast majority of the evidence provided by Dr. Singh. *See id*. Not only did Dr. Singh document various deficiencies in plaintiff's range of motion, as well as pain and tenderness when testing these and upon palpation, but also, he noted various areas of muscle spasms, which are not dependent on plaintiff's subjective report, but are objective observations of abnormalities in plaintiff's muscle function. The Court concludes that the ALJ's failure to evaluate Dr. Singh's examination results and opinions is not harmless error.

The Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (citing 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). According to the Ninth Circuit, when an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step

five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162.

Furthermore, the Court cannot conclude with confidence that no ALJ when fully crediting Dr. Singh's examination report and opinions "could have reached a different disability determination." *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and [] 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination'") (quoting *Stout,* 454 F.3d at 1055-56). Not only did Dr. Singh note various deficiencies in plaintiff's physical exam, but also, Dr. Singh's opinion and objective observations are consistent with the evaluation and objective observations of plaintiff's physical therapist, Mr. Daniel J. Crowley, PT, whose very detailed function-by-function physical capacities evaluation the ALJ improperly rejected based in part on a finding that Mr. Crowley's evaluation is inconsistent with the objective medical evidence. *See* AR. 26. Had the ALJ fully credited Dr. Singh's opinion and objective observations, she likely would not reasonably have found that Mr. Crowley's evaluation is inconsistent with the objective medical evidence.

Following remand of this matter, the ALJ should evaluate and discuss fully the examination results from Dr. Singh.

**B. Mr. Daniel J. Crowley, PT, treating physical therapist**

Plaintiff also contends that the ALJ erred when failing to credit fully the detailed functional limitations opined by her treating physical therapist. Defendant argues in part

that the ALJ reasonably relied on the opinion of Dr. Ronald Vincent, M.D. when failing to credit fully Dr. Crowley's opinion.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, physician assistants, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner, supra*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

On August 1, 2012, Mr. Crowley examined plaintiff and provided a performance-based physical capacities evaluation. AR. 467-75. This evaluation appears to be exceedingly thorough. *See id*. He noted her diagnostic history and her treatment history, and elicited much subjective information from plaintiff. AR. 467-68. Mr. Crowley also performed a functional test battery on plaintiff, including 25 range of motion tests. *See* AR. 468-69. He also performed grip strength testing, and made observations such as that plaintiff demonstrated improper lifting technique, noting that she "demonstrates awkward

technique counter to shoulder," and that she "utilizes frequent changes in sitting posture for comfort." *See* AR. 470, 472. Mr. Crowley provided extensive function-by-function limitations on plaintiff's physical capacity. *See* AR. 470-73, 475.

When giving very little weight to Mr. Crowley's performance-based physical capacities evaluation, the ALJ found that his "evaluation is inconsistent with the objective medical evidence and the record as a whole." AR. 26. However, the ALJ failed to specify a single inconsistency between Mr. Crowley's evaluation and any objective evidence. The Court already has noted that Mr. Crowley's evaluation and opinion is consistent with the examination performed by Dr. Singh, which the ALJ failed to discuss, *see supra*, Section I.A. *See also Trevizo v. Berryhill*, Case No. 15-6277, 2017 U.S. App. LEXIS 17979 at *25-*26 (9th Cir. September 14, 2017) (A "conclusory determination that [a doctor's] opinion was contradicted by his treatment notes . . . ." without elucidating what particular aspect of the treatment notes contradicts the doctor's opinion is not specific and legitimate rationale based on substantial evidence in the record) (citing *Magallanes*, 881 F.2d at 751 (quoting *Cotton*, 799 F.2d at 1408)). The Court concludes that this finding is not based on substantial evidence in the record.

Next, the ALJ relied on an opinion provided by Dr. Ronald Vincent, M.D. regarding the validity of the evaluation provided by Mr. Crowley. AR. 26. Previously in her written decision, the ALJ gave "significant weight" to Dr. Vincent's conclusion "that the evaluation by Mr. Crowley is invalid because he simply adopted the claimant's subjective complaints without attempting to validate her symptoms." AR. 25. However, as just enumerated, Mr. Crowley conducted numerous objective tests of plaintiff's

functional abilities, including 25 range of motion tests and various strength tests, *see supra*. *See* AR. 468-72. In addition, Mr. Crowley observed that plaintiff was cooperative, demonstrated consistent evaluation efforts, expressed consistent subjective statements, demonstrated/expressed appropriate pain behavior, and appeared motivated to participate accurately. AR. 472.

Based on the record, the Court concludes that Dr. Vincent's opinion that Mr. Crowley simply adopted plaintiff's statements without making any attempt to validate her symptoms is not based on substantial evidence in the record as a whole. Therefore, the Court also concludes that the ALJ's reliance on this opinion, which is contradicted by the record, in order to support the failure to credit fully Mr. Crowley's opinion is legal error. Regarding Dr. Vincent's evaluation of Mr. Crowley's report, the Court notes that it appears that Dr. Vincent may not have been provided with the entire report. *See* AR. 401. Dr. Vincent noted that plaintiff "has also had a Physical Capacities Examination which was not in the chart . . . ." *Id*. Further buttressing this potential explanation for the discrepancy between Dr. Vincent's opinion and the actual record is Dr. Vincent's review of the chart. *See* AR. 393-98. Dr. Vincent provided an extensive chronological review of plaintiff's medical history, her "chart." *See id*. In this chart review, Dr. Vincent notes that a different physical therapist, Mr. Harada, had "scheduled [plaintiff] for a functional capacities examination [on] August 1, 2012," but concluded that "obviously it had not been done at this time." AR. 397. His chart review contains no evaluation or discussion of the performance-based physical capacities evaluation performed by Mr. Crowley. It is not clear that he was in possession of it.

The ALJ references "significant discrepancies between Dr. Vincent's examination findings and the claimant's presentation during Mr. Crowley's evaluation," but fails to specify a single discrepancy. For all of these reasons stated herein, Court concludes that the ALJ's reliance on Dr. Vincent's conclusions when failing to credit fully the performance-based physical capacities evaluation provided by Mr. Crowley is not based on substantial evidence in the record as a whole. This error, too, is not harmless as, among other opinions, Mr. Crowley opined that plaintiff could not work for four hours a day, thus fully crediting his opinion likely would lead to a different ultimate disability conclusion. *See* AR. 475. Mr. Crowley's evaluation and opinions should be evaluated anew following remand of this matter.

There are various other errors in the ALJ's evaluation of the medical evidence. The Court briefly notes some of them below.

When failing to credit fully the opinion from plaintiff's treating physician, Dr. J. Michael Geier, M.D., that plaintiff was totally unable to work from her neck surgery in October 2011 until April 2012, the ALJ relied in part on a notation that the question of disability is reserved for the Commissioner. AR. 26. Regarding this rationale, the Court notes the following:

When presented with an ALJ's failure to discuss medical opinion evidence, the Ninth Circuit concluded that the doctor's opinion that it was unlikely that the claimant could sustain full-time competitive employment is not a conclusion reserved to the Commissioner, but is "an assessment based on objective medical evidence of [the claimant's] likelihood of being able to sustain full-time employment given the many

medical and mental impairments [claimant] faces and her inability to afford treatment for those conditions." *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (citing 20 C.F.R. § 404.1527(d)(1)).

According to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison v Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)). Although "'the administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, [] [s]he cannot reject them without presenting clear and convincing reasons for doing so.'" *Reddick, supra*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted)). "A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record." *Id.* (citing *Lester*, 81 F.3d at 830). Furthermore, for "treating sources, the rules also require that [the Social Security Administration makes] every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us." Social Security Ruling (SSR) 96-5p, 1996 SSR LEXIS 2 at *6. This Ruling further indicates that "opinions from any medical source on issues reserved to the Commissioner must never be ignored." *Id.*

The ALJ rejected the August 2012 opinion from Dr. Geier on the sole basis that "Dr. Geier did not offer a function-by-function assessment of her abilities, so his statements have little value when determining the claimant's residual functional

capacity." AR. 26. Regarding this rationale, the Court finds persuasive plaintiff's contention that defendant "cited no authority for the position that a medical opinion must be expressed in a 'function-by-function' format for it to have relevance." Dkt. 13, pp. 2-3.

The ALJ failed to credit fully the February 2013 opinion from Dr. Geier that plaintiff's "condition makes work 'tortuous' and 'it is unreasonable to expect her to work in the condition'" with a finding that "Dr. Geier admitted that there is no objective evidence to substantiate the claimant's pain complaints, which indicates that his conclusions are based on the claimant's reports rather than clinical findings." AR. 26. The Court concludes that the ALJ's rationale in this respect appears to be taken out of context. Dr. Geier indicated that "I do appreciate that there is no objective measure which will define her tolerance for work versus her tolerance of pain but, nonetheless, her intolerance is a reality in her case." AR. 463. Dr. Geier treated, examined, and evaluated plaintiff over the course of years. This one sentence identified by the ALJ does not demonstrate that Dr. Geier was making his conclusions regarding her functional ability mainly on her reports rather than on clinical findings.

The errors in the evaluation of the opinion from treating physician, Dr. Geier, should be corrected following remand of this matter. The ALJ also made findings that are not based on substantial evidence in the record as a whole when evaluating the opinion from another one of plaintiff's treating physicians, Dr. D.G. Langrock, M.D.

The ALJ found that in "April 2015, Dr. Langrock submitted a medical source statement asserting that the claimant can never lift any weight . . . ." AR. 26. However,

a review of the record reveals that Dr. Langrock opined in handwritten notes that plaintiff is "unable to lift eight pounds without severe pain . . . ." AR. 557.

Similarly, the ALJ indicated that Dr. Langrock asserted that plaintiff "can only sit for two hours in a day and only stand or walk for one hour each per day, [which] would essentially render the claimant bedridden, which is incompatible with her reported activities." AR. 26. The first issue with this conclusion by the ALJ is that being able to stand for an hour, walk for an hour, and sit for two hours in a day is very different from being "bedridden." *See id*. Furthermore, although the ALJ found that the limitations opined by Dr. Langrock are incompatible with plaintiff's reported activities, the activities noted by the ALJ when failing to credit fully plaintiff's allegations and testimony include "that she shops for groceries once a week, usually with help . . . . attends church on most Sundays and is able to do some light household chores." AR. 25. The ALJ fails to explain how lifting less than eight pounds, sitting for two hours, and standing and walking only for an hour each in a day are inconsistent with these activities.

The ALJ's errors when evaluating the opinion of plaintiff's treating physician, Dr. Langrock, also should be corrected following remand of this matter.

(2) **Did the ALJ cite "clear and convincing" reasons supported by substantial evidence to reject plaintiff's statements and testimony?**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. §

404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter. However, the Court will note briefly one of the ALJ's errors in the evaluation of plaintiff's testimony.

The Court already has noted that the ALJ failed to credit fully plaintiff's allegations and testimony based on a few activities of daily living, such as grocery shopping with help, attending church, and light housework, *see supra*, Section I. The ALJ failed to explain how these activities of daily living are inconsistent with plaintiff's allegations and testimony, and did not find that they were transferable work skills. This error, too, should be corrected following remand of this matter.

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (citing *Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited. *Orn, supra*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

The Ninth Circuit has revisited this issue of activities of daily living and their consistency with pain-related impairments described by a claimant:

> [T]he ALJ erred in finding that these activities, if performed in the manner that [the claimant] described, are inconsistent with the pain-related impairments that [the claimant] described in her testimony. We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted in original)); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.") Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," we have held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted in original): *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical difference between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." (citations omitted in original)).

*Garrison v. Colvin*, 759 F.3d 955, 1016 (9th Cir. 2014).

## CONCLUSION

The ALJ failed to discuss the vast majority of the record from an examining physician. She also relied on an opinion from a doctor that is contradicted by the record

when failing to credit fully the extensive and detailed opinion of plaintiff's treating physical therapist. The ALJ also made numerous other errors, some of which are discussed herein. Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 15th day of November, 2017.

J. Richard Creatura
United States Magistrate Judge